United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed April 6, 2001

 No. 99-5307

 Jennifer K. Harbury, on her own behalf and as 
 administratrix of the Estate of Efrain Bamaca-Velasquez, 
 Appellant

 v.

 John M. Deutch, Director, 
 Central Intelligence Agency (CIA), et al., 
 Appellees

 ---------

 Before: Edwards, Chief Judge; Williams, Ginsburg, 
Sentelle, Henderson, Randolph, Rogers, Tatel and 
Garland, Circuit Judges.

 O R D E R

 Appellees' petition for rehearing en banc and the response 
thereto have been circulated to the full court. The taking of 
a vote was requested. Thereafter, a majority of the judges of 

the court in regular active service did not vote in favor of the 
petition. Upon consideration of the foregoing, it is

 ORDERED that the petition be denied.

 Per Curiam

 FOR THE COURT:

 Mark J. Langer, Clerk

 

 

 

 A statement of Circuit Judge Henderson dissenting from 
the denial of rehearing en banc, joined by Circuit Judge 
Sentelle, is attached.

 Circuit Judge Garland did not participate in this matter.

 Karen LeCraft Henderson, Circuit Judge, with whom 
Sentelle, Circuit Judge, joins, dissenting:

 I dissent from the denial of rehearing en banc because 
Harbury suffered no constitutional deprivation or, alternative-
ly, if she did, the individual defendants are entitled to quali-
fied immunity from liability therefor. As the panel opinion 
notes, to state a claim Harbury must allege that the defen-
dants' misrepresentations and nondisclosures foreclosed her 
" 'from effectively seeking adequate legal redress,' " Harbury 
v. Deutch, 233 F.3d 596, 609 (D.C. Cir. 2000) (quoting Com-
plaint p 98). Yet Harbury has nowhere identified what "legal 
redress" might have been adequate to save her husband. 
Her claim on appeal that but for the government's deception 
she "could have sought an emergency injunction based on an 
underlying tort claim for intentional infliction of emotional 
distress," id., does not fill the bill. No United States court 
could reach the alleged tortfeasors, Guatemalan nationals on 
Guatemalan soil, in order to prevent their killing Harbury's 
husband, another Guatemalan national. While Harbury may 
not be required to plead "a strict causal showing of exactly 
what relief [she] would have obtained in court had defendants 
not concealed the truth," she must nevertheless "establish 
that the concealment was a substantial cause of [her] failure 
to obtain judicial relief." Bell v. City of Milwaukee, 746 F.2d 
1205, 1263 n.72 (7th Cir. 1984). She has not. The only cause 
is the absence of any effective relief. "I do not believe the 
Court does a [party] a favor by giving it an opportunity to 
expend resources in litigation that has no chance of success." 
South Carolina v. Regan, 465 U.S. 367, 403 (1984) (Stevens, 
J., dissenting).

 Even had Harbury made a colorable claim, the individual 
government defendants would be entitled to qualified immuni-
ty because reasonable officials in their positions could have 
believed that under established law their actions did not 
violate Harbury's constitutional right of access to the courts. 
In cases from other circuits finding such a right was violated, 
the plaintiffs alleged that the defendant state officials, police 
officers or prosecutors, covered up murders by other such 
officials in order to prevent the plaintiffs from pursuing 
wrongful death actions. See, e.g., Bell, supra; Ryland v. 

Shapiro, 708 F.2d 967, 972 (5th Cir. 1983). In this case, by 
contrast, Harbury contends the National Security Council and 
the State Department covered up her husband's captivity by 
foreign nationals on foreign soil in order to keep her from 
obtaining relief in a United States court that would prevent 
her husband's subsequent murder on foreign soil at the hands 
of the foreign nationals. The defendants plainly were not on 
notice that such very different conduct might violate Har-
bury's right of access to the courts. See Butera v. District of 
Columbia, 235 F.3d 637, 646 (D.C. Cir. 2001) ("A constitution-
al right was 'clearly established' at the time of the events in 
question only if '[t]he contours of the right [were] sufficiently 
clear that a reasonable officer would understand that what he 
[was] doing violate[d] that right.' ") (quoting Anderson v. 
Creighton, 483 U.S. 635, 640 (1987)) (citing Harris v. District 
of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991); Martin v. 
Malhoyt, 830 F.2d 237, 253 (D.C. Cir. 1987)).